UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

RECEIVED
2014 APR 11  P 3:36
DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | |
|---|---|
| JEFFERY SCOTT ROBERSON, as an individual and as a representative of the class,<br><br>　　　　Plaintiff,<br>v.<br><br>LABORCHEX COMPANIES, INC.,<br><br>　　　　Defendant. | Case No. 2:14-cv-273<br><br>CLASS ACTION<br>COMPLAINT<br><br>(JURY TRIAL DEMANDED) |

Jeffery Scott Roberson ("Plaintiff"), by and through his attorneys, on behalf of himself, the Class set forth below, and in the public interest, brings this Class Action Complaint against Laborchex Companies, Inc. ("Laborchex" or "Defendant").

## PRELIMINARY STATEMENT

1. This is a case about a consumer reporting agency's willful failure to follow federal laws designed to protect consumers from inaccurate, misleading, and manifestly improper consumer reporting practices.

2. Employers, lenders, and landlords use consumer reports to screen applicants, borrowers and tenants. They use the reports to deny people jobs, credit, housing and access to other means by which to live.

3. Recognizing that the content of consumer reports can have a significant impact on people's lives, Congress has chosen to regulate the procurement, use and content of those reports through the Fair Credit Reporting Act ("FCRA"). 15 U.S.C. § 1681, *et seq.*

4. The FCRA is Congress's effort to ensure that consumer reporting agencies are required to report information in a manner which is "fair and equitable to the consumer," and

1

"with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information." *Id.*

5. To achieve its goals, Congress has imposed strict limitations on the content of consumer reports.

6. Defendant, a consumer reporting agency, routinely and systematically violates certain provisions of the FCRA in connection with its issuance of consumer reports.

7. As further discussed herein, Defendant has willfully violated the FCRA by systematically reporting dismissed charges that antedate the report by more than seven years, despite 15 U.S.C. § 1681c(a) explicitly prohibiting the inclusion of such information.

8. In a pattern and practice of related violations, Defendant's conduct has consistently undermined Congress's carefully struck balance, unlawfully placing its business interests above the rights of consumers.

9. Based on Defendant's conduct, Plaintiff asserts FCRA claims on behalf of himself and a class of consumers. On behalf of himself and the Class, Plaintiff seeks statutory damages, punitive damages, attorneys' fees, expenses, costs and all available other appropriate relief.

## THE PARTIES

10. Individual and representative Plaintiff Jeffery Scott Roberson is a resident of Prattville, Alabama.

11. Defendant Laborchex Companies, Inc. ("Laborchex" or "Defendant") is a Mississippi corporation headquartered in Jackson, Mississippi.

12. Defendant is a consumer reporting agency within the meaning of the FCRA: for monetary fees, it engages in the practice of assembling information on consumers for the purpose

of furnishing consumer reports to third parties and uses interstate commerce, including the mail and Internet, for the purpose of preparing and furnishing such reports.

13. Defendant provides consumer reports for employment purposes, i.e., providing background checks to employers for their use in making decisions about people who may work for them, including for use in taking adverse employment action, e.g., termination, failure to hire, and failure to promote. *See* www.laborchex.com/html/legal.php ("LABORCHEX provides employment screening reports, which are considered 'consumer reports,' and therefore is considered a CRA.") (last visited April 7, 2014).

14. Defendant does business throughout the United States, including in the Middle District of Alabama.

## JURISDICTION AND VENUE

15. This Court has jurisdiction over Plaintiff's claims under 28 U.S.C. § 1331 and 15 U.S.C. § 1681p.

16. Venue is proper in the United States District Court for the Middle District of Alabama because Plaintiff resides in this District.

## STATUTORY BACKGROUND

17. To ensure that consumer reporting agencies report information in a manner which is "fair and equitable to the consumer," and "with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information," Congress prohibits consumer reporting agencies from reporting old information. Specifically, agencies are forbidden from reporting the following:

> (2) Civil suits, civil judgments, and records of arrest that from date of entry, antedate the report by more than seven years or until the governing statute of limitations has expired, whichever is the longer period…

3

> (5) Any other adverse item of information, other than records of convictions of crimes which antedates the report by more than seven years.

15 U.S.C. § 1681c(a).

18. Congress requires consumer reporting agencies to "follow reasonable procedures to assure maximum possible accuracy of the information" contained in consumer reports. *See* 15 U.S.C. § 1681e(b).

19. The FCRA also requires consumer reporting agencies to "maintain strict procedures" for reports which are prepared for employment purposes and which contain items of "information which are matters of public record and are likely to have an adverse effect upon a consumer's ability to obtain employment." Specifically, consumer reporting agencies are required to either provide notice to the consumer at the time such information is reported, or to maintain "strict procedures" to ensure that any such information in the report is "complete" and "up to date." 15 U.S.C. § 1681k(a)(2).

20. In addition to the above requirements, reports must also be structured in such a way as to not present information in a misleading fashion. Reports that contain factually correct information but nonetheless mislead their readers are not compliant with the FCRA because they are neither maximally accurate nor fair to the consumers who are the subjects of such reports. *See Smith v. HireRight Solutions, Inc.*, 711 F. Supp. 2d 426 (E.D. Pa. 2010).

## ALLEGATIONS RELATING TO NAMED PLAINTIFF ROBERSON

21. On September 9, 2013, Jeffery Scott Roberson applied for work at Chain Electric Company Inc., a company headquartered in Hattiesburg, Mississippi.

22. On September 10, 2013, Chain Electric ordered a background investigation report run on Roberson through Laborchex. *See* Ex. 1.

23. Laborchex provided Chain Electric with a background investigation report that it had regarding Roberson on September 13, 2013. *See id.*

24. The report Defendant furnished to Chain Electric improperly contained information regarding criminal charges against Roberson that had been dismissed more than seven years prior to the date of the report, in violation of 15 U.S.C. § 1681c(a). *Id.*

25. Specifically, the report included information about the following non-criminal convictions:

> a) charges of robbery and possession of a controlled substance – cocaine which were nolle prossed on April 19, 1996;
>
> b) a charge against Roberson for battery which was dropped on March 17, 2006; and
>
> c) charges for cocaine possession and possession of paraphernalia against Roberson which were dropped on June 12, 2006.

26. Despite the fact that Roberson's dismissed charges detailed above originated more than seven years prior to the date of the report, Defendant included information about those criminal charges in the consumer report they furnished to Chain Electric – namely, the existence, type, title, disposition, and disposition date of the dismissed charges. *See id.*

27. In addition to inappropriately reporting dismissed charges, Defendant also inaccurately and misleadingly reported Roberson's charge for possession of paraphernalia on January 22, 2006 as "Posses Drugs" and his charge for possession of paraphernalia on May 6, 2006 as "Hallucinogen."

28. On September 13, 2013, Chain Electric informed Roberson that it was not hiring him.

29. On December 12, 2013, Roberson sent a letter to Defendant requesting a copy of the background report it had furnished to Chain Electric. *See* Ex. 2.

30. In early January 2014, Defendant sent Roberson a copy of the background report it had furnished to Chain Electric. This report also included the improperly reported dismissed charges. *See* Ex. 3.

31. Defendant willfully violated 15 U.S.C. § 1681c(a) by reporting old, dismissed charges.

## DEFENDANT'S ILLEGAL BUSINESS PRACTICES

32. Defendant does not limit its reporting of non-convictions to those within seven years of the date of the report or those for which the statute of limitations has not run.

33. Rather, Defendant's standard business practice is to report all aspects of the subject's criminal history, including dismissed charges.

34. Defendant has adopted such a practice despite knowing that its practices do not comply with the FCRA.

35. Defendant's website shows that Defendant is well-aware of the statutory responsibilities of a consumer reporting agency, including the FCRA. *See* www.laborchex.com/html/legal.php.

36. Defendant is also a member of the National Association of Professional Background Screeners, a professional association which regularly provides its members with guidance on the legal compliance obligations of consumer reporting agencies. *See id.*; www.napbs.com.

37. Defendant's practice of routinely reporting these dismissed charges cannot be reconciled with the plain language of 15 U.S.C. § 1681e(a)(5), which provides that: "**no**

**consumer reporting agency may make any consumer report containing any of the following items of information: Any other adverse item of information, other than records of convictions of crimes which antedates the report by more than seven years.**" 15 U.S.C. § 1681c(a)(5) (emphasis added).

38.     Consumer reporting agencies are clearly permitted to report records of "convictions" beyond seven years. *Id.* But it is equally clear from the face of the same statutory provision that "arrests" and any "other adverse item of information" cannot be reported beyond seven years. *See* 15 U.S.C. §§ 1681c(a)(2) and 1681c(a)(5); *see also Haley v. Talentwise, Inc.*, --- F. Supp. 2d ---, 2014 WL 1304007, *3-5 (W.D. Wash., April 2, 2014) (citing *Serrano v. Sterling Testing Syst.*, 557 F. Supp. 2d 688, 693 (E.D. Penn. 2008)); *Dowell v. Gen. Info. Servs, Inc.*, 13-CV-02581-L-BGS, Memorandum of the United States of America in Support of the Constitutionality of § 1681c of the Fair Credit Reporting Act, at 17 (S.D. Cal. Feb. 20, 2014). Notwithstanding this clear statutory directive, Defendant routinely reports dismissed charges that antedate the report by more than seven years.

39.     Defendant's practices violate a fundamental protection afforded to employees under the FCRA, are contrary to the unambiguous language of the statute, and are counter to longstanding judicial and regulatory guidance. *See, e.g.,* FTC, *Forty Years of Experience with the Fair Credit Reporting Act, An FTC Staff Report with Summary of Interpretations*, July 2011, at 55 ("Even if no specific adverse item is reported, a CRA may not furnish a consumer report referencing the existence of adverse information that predates the times set forth in this subsection."); *Serrano v. Sterling Testing Sys., Inc.*, 557 F. Supp. 2d 688 (E.D. Pa. 2008) (holding FCRA prohibits even alluding to existence of unreportable adverse information).

40.     Defendant's consumer reports are produced from electronic databases.

7

41. These databases utilize a variety of algorithms to ensure that information reported "matches" the consumer who is the subject of the report. *See* http://files.consumerfinance.gov/f/201212_cfpb_credit-reporting-white-paper.pdf, at 22. For example, Roberson's report indicates, in various places, that the information reported resulted from a "Name" match and/or a "DOB" match.

42. In the same way that Defendant uses algorithms to ensure that personally identifying information in a report matches the subject's information, it is standard practice for consumer reporting agencies to write algorithms "to filter out obsolete credit information." *See* www.naca.net/issues/credit-reporting-problems.

43. As a company with "the highest levels of technological sophistication," Defendant is aware of the power of algorithms, and their usefulness in structuring consumer reports. *See* www.laborchex.com/html/about.php. Defendant, consistent with standard industry practices, could have written an algorithm to ensure that all of its reports would exclude non-conviction criminal dispositions older than seven years.

44. Defendant failed to implement these algorithms, in spite of the fact that it easily could have done so and that these types of algorithms are standard in the credit reporting industry.

45. It is also standard in the consumer reporting industry for consumer reporting agencies to have a purge date for information in their system that has become outdated. *See Gillespie v. Trans Union Corp.*, 482 F.3d 907, 908 (7th Cir. 2007). By failing to utilize a purge date for outdated information, Defendant's practices and procedures fall below industry standards.

46. Defendant also failed to have the report properly reviewed by an individual who was trained in the FCRA, and specifically, in the requirements of § 1681c. Had Defendant had a properly trained individual review this report, this problem would have been easily detected. The fact that Defendant produced the same erroneous report twice, once to Plaintiff's potential employer and a second time, to Plaintiff, further supports the fact that Defendant's processes are systematically deficient.

47. Thus, by systematically reporting dismissed criminal charges that antedate the report by seven years and for which the statute of limitations has run, Defendant willfully violated 15 U.S.C. § 1681c(a).

## CLASS ACTION ALLEGATIONS

48. Plaintiff pleads the following claim against Defendant on behalf of himself and the Class defined below:

> Reporting adverse information other than records of conviction which antedate the report by more than seven years, in violation of 15 U.S.C. § 1681c(a).

49. Plaintiff asserts this claim on behalf of himself and the **Outdated Information Class** defined as follows:

> i. All individuals on whom Defendant prepared a consumer report for employment purposes in the two years predating the filing of this Complaint and continuing through the date the class list is prepared; and
> ii. Whose report contains a disposition of a criminal incident;
> iii. Where the disposition in (ii) is something other a conviction;
> iv. Where the disposition date antedates the date of the report by more than seven years.

50. Numerosity: The Class is so numerous that joinder of all class members is impracticable. Defendant regularly furnishes consumer reports that impermissibly include

9

information about charges that are older than allowed by the FCRA. The number of members in the Cass exceeds 100.

51. <u>Typicality</u>: Plaintiff's claims are typical of the members of the Class. Defendant furnishes consumer reports for employment purposes and typically includes charges that are older than allowed by the FCRA. The FCRA violations suffered by Plaintiff are typical of those suffered by other class members, and Defendant treated Plaintiff consistent with other class members in accordance with its standard policies and practices.

52. <u>Adequacy</u>: Plaintiff will fairly and adequately protect the interests of the Class, and has retained counsel experienced in complex class action litigation.

53. <u>Commonality</u>: Common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting individual members of the Class, including but not limited to:

    a)     Whether Defendant furnished consumer reports for employment purposes;

    b)     Whether Defendant violated the FCRA by reporting charges that are older than allowed by the FCRA;

    c)     Whether Defendant's violations of the FCRA were willful;

    d)     The proper measure of statutory damages; and

    e)     The proper measure of punitive damages.

54. Class certification is also appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the Class predominate over any questions affecting only individual members of the Class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. The Defendant's conduct described in this Class Action Complaint stems from common and uniform policies and

practices, resulting in common violations of the FCRA. Class certification also will obviate the need for unduly duplicative litigation that might result in inconsistent judgments concerning Defendant's practices. Moreover, management of this action as a class action will not present any likely difficulties.

55. Plaintiff intends to send notice to all members of the Class to the extent required by Rule 23. The names and addresses of the class members are available from Defendant's records.

### CLAIM FOR RELIEF
### Reporting Old Dismissed Charges
### 15 U.S.C. § 1681c(a)
### *On Behalf of the Outdated Information Class*

56. In return for money, Defendant furnished consumer reports on Plaintiff and other members of the Outdated Information Class to third parties for employment purposes.

57. The consumer reports included dismissed charges antedating the report by more than seven years and for which the statute of limitations had run.

58. The foregoing violations were willful. Defendant acted in deliberate or reckless disregard of its obligations and the rights of Plaintiff and the Class members under 15 U.S.C. § 1681c(a). Defendant's willful conduct is reflected by, inter alia, the following:

    a) The FCRA was enacted in 1970; Defendant has had over 40 years to become compliant;

    b) Defendant is a large corporation which specializes in furnishing consumer reports for employment purposes and has access to legal advice through its own general counsel's office and outside employment counsel. Yet, there is no contemporaneous evidence that Defendant determined that its conduct was lawful;

c)   Defendant's conduct is inconsistent with the FTC's and DOJ's longstanding regulatory guidance, judicial interpretation, and the plain language of the statute;

d)   Defendant knew or had reason to know from its communications with the National Association of Professional Background Screeners that its conduct violates the FCRA;

e)   Defendant knew or had reason to know from the plentiful FCRA guidance on its own website that its conduct violates the FCRA; and

f)   Despite the pellucid statutory text and there being a depth of guidance, Defendant adopted a policy of systematically reporting dismissed charges, that antedated the report by more than seven years, and for which the statute of limitations had run. By adopting such a policy, Defendant voluntarily ran a risk of violating the law substantially greater than the risk associated with a reading that was merely careless.

59.   Plaintiff and the Outdated Information Class are entitled to statutory damages of not less than $100 and not more than $1,000 for each and every one of these violations pursuant to 15 U.S.C. § 1681n(a)(1)(A).

60.   Plaintiff and the Outdated Information Class are entitled to such amount of punitive damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(2).

61.   Plaintiff and the Outdated Information Class are further entitled to recover their costs and attorneys' fees pursuant to 15 U.S.C. § 1681n(a)(3).

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of himself and the Class, prays for relief as follows:

a) Determining that this action may proceed as a class action under Rule 23(b)(3) of the Federal Rules of Civil Procedure;

b) Designating Plaintiff as representative for the Class and designating Plaintiff's Counsel as counsel for the Class;

c) Issuing proper notice to the Class at Defendant's expense;

d) Declaring that Defendant committed multiple, separate violations of the FCRA;

e) Declaring that Defendant acted willfully, in deliberate or reckless disregard of Plaintiff's rights and Defendant's obligations under the FCRA;

f) Awarding statutory and punitive damages as provided by the FCRA;

g) Awarding reasonable attorneys' fees and costs as provided by the FCRA; and

h) Granting further relief, in law or equity, as this Court may deem appropriate and just as provided by the FCRA.

## DEMAND FOR JURY TRIAL

62. Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff and the Class demand a trial by jury.

Date: April 11, 2014

BEASLEY, ALLEN, CROW, METHVIN, PORTIS & MILES, P.C.

Archie I. Grubb, II (GRU105)
218 Commerce Street
Post Office Box 4160 (36103)
Montgomery, AL 36104
Telephone: 334-269-2343
Facsimile: 334-954-7555
archie.grubb@beasleyallen.com

NICHOLS KASTER, PLLP
E. Michelle Drake, MN Bar No. 0387366*
Megan D. Yelle, MN Bar No. 0390870*
*pro hac vice motions forthcoming
4600 IDS Center
80 South 8th Street
Minneapolis, MN 55402
Telephone: 612-256-3200
Facsimile: 612-338-4878
drake@nka.com
myelle@nka.com

ATTORNEYS FOR INDIVIDUAL AND REPRESENTATIVE PLAINTIFF